IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FILIBERTO SANCHEZ SANCHEZ,

        PETITIONER,

v.                                                              CIVIL ACTION NO. 3:26-0067

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security;
PAMELA BONDI, U. S. Attorney General,
Executive Office for Immigration Review;
MICHAEL T. ROSE, Field Office Director,
Philadelphia, Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director,
Immigration and Customs Enforcement;
CARL ALDRIDGE, Warden,
Western Regional Jail and Correction Facility,

        RESPONDENTS.

**MEMORANDUM OPINION AND ORDER**

        The endless opportunity of the American dream that promises "liberty and justice for all" is tarnished with each night an individual spends wrongfully detained. 4 U.S.C. § 4. This fundamental liberty surely requires that some basic protections are afforded to documented and undocumented individuals alike.

        The Government's new interpretation of the statutory scheme governing detention of undocumented individuals within the United States and the unprecedented federal policing operations throughout the country have resulted in an onslaught of immigration-related detention and requests for relief. Those requesting relief are not in custody for alleged criminal activity, instead, they are detained for their citizenship status alone and without the opportunity to receive

a determination on the necessity of their custody. In the majority of cases before this Court, the individuals have previously received some sort of permissive entry – parole, bond, or simply government acquiescence – resulting in their release into the United States. Many have received work authorization; some have pending asylum petitions; and most have been granted a form of immigration relief. Suddenly, without notice of a change of law, and based on an inopportune and random encounter, the individuals are taken away from the lives they have created in the United States. The abrupt, fundamentally unfair change in the application of a statutory interpretation completely disrupts the societally desirable employment and education of these individuals. Families, friends, and communities are being ripped apart.

Such detention without any meaningful opportunity to be heard has resulted in the very petition at issue in this Order, the only channel for relief. With little reason to believe that those who are detained will have access to counsel, days and weeks may go by before they are able to file a petition, be heard by the Court, and ultimately are provided with any due process. Those days and weeks of discomfort may be spent alongside those who have been charged with or convicted of criminal violations, and many have been transported far away from the place of initial detention. Only a few of the wrongfully detained have been able to seek redress in the courts. The courts have overwhelmingly rejected the Government's position; the Government persists in its illegal action.

Again, the undocumented resident asks the Court, "under what authority have I been detained?" Again, the Court answers, "under the wrong authority," and enters an Order releasing him from custody.

For the reasons set forth below, in accordance with the Orders entered on February 17, 2026, ECF No. 33, and February 6, 2026, ECF No. 25, Petitioner Filiberto Sanchez Sanchez's

Amended Petition for Writ of Habeas Corpus was **GRANTED** and Respondents'[1] Motion to Dismiss was **DENIED**. The Court ordered Petitioner's immediate release from custody on February 17, 2026. *See Order*, ECF No. 33.

According to the Petition, Petitioner has been in the United States for over 20 years. *Am. Pet. for Writ of Habeas Corpus ("Am. Pet.")* ¶ 16, ECF No. 30. In 2009, Petitioner was apprehended after being pulled over for speeding. *2009 Form I-213*, Gov't's Ex. A, ECF No. 20-1, at 2–3. Petitioner was charged with "alien inadmissibility" and being "present without admission or parole," issued a Notice to Appear, and released from custody after paying bond. *Id.* Petitioner applied for relief from removal proceedings based on his three children and father being U.S. citizens. *Am. Pet.* ¶ 18 (citing *Appl. for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents*, Pet'r's Ex. C, ECF No. 30-3, at 11); *see generally Exs. for Cancellation of Removal*, Pet'r's Ex. C. Petitioner states that, as a result, he has been able to receive work authorization and a driver's license. *Am. Pet.* ¶ 18 (citing *Employment Authorization & License*, Pet'r's Ex. D, ECF No. 30-4); *2026 Form I-213*, Gov't's Ex. B, ECF No. 20-2, at 3. He is the beneficiary of an approved "Petition for Alien Relative" (I-130) filed by his adult stepdaughter. *2026 Form I-213*, ECF No. 20-2, at 3; *Pet. for Alien Relative Approval Notice*, Pet'r's Ex. E, ECF No. 30-5, at 1. In 2012, the Department of Homeland Security and ICE filed a joint motion with Petitioner to administratively close Petitioner's removal proceedings and an order was entered doing so. *Am. Pet.* ¶¶ 19–20 (citing *Joint Mot. to Administratively Close*

---

[1] Federal Respondents ("the Government") include Kristi Noem, Secretary of U.S. Department of Homeland Security; Pamela Bondi, U.S. Attorney General, Executive Office for Immigration Review; Michael T. Rose, Field Office Director, Philadelphia, Immigration and Customs Enforcement ("ICE"); and Todd M. Lyons, Acting Director of ICE. Carl Aldridge, Warden of Western Regional Jail and Correction Facility, is also a respondent. Mr. Aldridge responded separately that he "should be treated as nothing more than a nominal Respondent" and "defers to the Federal Respondents' position." *Resp. by Carl Aldridge.* 2, ECF No. 14.

*Proceedings*, Pet'r's Ex. F, ECF No. 30-6; *Order Administratively Closing Proceedings*, Pet'r's Ex. G, ECF No. 30-7. Petitioner's bond was cancelled that same year. *Am. Pet.* ¶ 21 (citing *Notice – Immigration Bond Cancelled*, Pet'r's Ex. H, ECF No. 30-8).

Years later, Petitioner was arrested within the interior of the United States after he had been released into the country. Petitioner was arrested on January 17, 2026, when the "Cabell County Sheriff's Office 'conducted a consensual encounter'" in Hurricane, West Virginia, when an officer noted he was "having difficulty communicating in the English Language." *Gov't's Resp. to O.S.C. and Mot. to Dismiss ("Resp.")* 4, ECF No. 20 (citing *2026 Form I-213*, ECF No. 20-2, at 2). He was arrested for "being illegally present in the United States." *Id.* He has been in detention since such arrest, and his detention is civil and administrative in nature, not based on any criminal charge. *Am. Pet.* ¶¶ 25, 30. Further, Petitioner claims that "no immigration officer or decisionmaker has determined that physical confinement is justified by a legitimate governmental purpose in Petitioner's case." *Id.* ¶ 28.

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention. *Am. Pet.* ¶¶ 1, 6, 7. He also filed an "Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Petitioner Pending Disposition of Petition" on January 29, 2026. ECF No. 2. The Court granted Petitioner's motion for immediate relief, which prohibited Respondents from moving Petitioner from this jurisdiction, however, before the Order was entered, Petitioner was transferred to a detention facility outside of this Court's jurisdiction. *O.S.C.*, ECF No. 6; *Notice,* ECF No. 15. At the initially scheduled Show Cause Hearing, the Court ordered Respondents to return Petitioner to this jurisdiction and denied Respondents' Motion to Dismiss for lack of jurisdiction. *See* ECF Nos. 24, 25. The remaining portions of the Petition required Petitioner to be present for the Court's consideration. The transfer

of detention outside of this District resulted in a week-long delay of Petitioner's opportunity to be heard by the Court. Once Petitioner was returned to this District, the Parties agreed that the hearing was unnecessary, and it was cancelled. *See Joint Stip. Regarding Am. Pet. ("Stip.")* 2, ECF No. 31 ("Accordingly, the Parties respectfully submit to this Court that additional briefing regarding the Amended Petition in this matter is not necessary and further submit that, consistent with this Court's [previous] orders . . . the Court may consider and rule on this Amended Petition without the need for a hearing.").

The Court proceeds with an explanation of potential distinctions in Petitioner's circumstances compared to those in prior cases that addressed and rejected the Government's legal arguments.

Petitioner argues he is a member of the Bond Eligible Class of *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), which includes individuals detained under 1226(a) who are entitled to consideration for release on bond and may not be denied such under the inapplicable authority of 1225(b)(2)(A).[2] *Am. Pet.* ¶ 36; *Pet'r's Reply to Resp.* ("Reply") 3, ECF No. 21. The Government opposes that the decision has any binding effect on this Court. *Resp.* 5. Indeed, the habeas relief granted in *Maldonado Bautista* applied to the named petitioners and the court directly addressed that it "cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district." *Maldonado Bautista,* 2025 WL 3713987, at *30 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[habeas corpus] jurisdiction lies in only one district: the district of

---

[2] The specific class includes: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Id.* at *32.

confinement."). In reply, Petitioner alternatively requests that *Maldonado Bautista* is taken into consideration. *Reply* 3. Regardless, Petitioner challenges the authority behind the mandatory detention to which he is subject, and in the Amended Petition, Petitioner expanded his reasoning for relief beyond what was initially argued. *See generally Am. Pet.*[3] Both parties stipulate that further briefing is unnecessary, as any new claims have already been fully briefed. *Stip.* 2.

The Government states Petitioner is lawfully subject to mandatory detention pursuant to Section 1225, under the interpretation that, "DHS is required to detain all aliens, like petitioner, who are present in the United States without admission and are subject to removal proceedings – regardless of how long the alien has been in the United States or how far from the border they have ventured." *Resp.* 21. The Court disagrees and has previously rejected the Government's interpretation.[4] Petitioner is being wrongfully subjected to mandatory detention of 8 U.S.C. § 1225(b)(2).

Petitioner states that "[a]t the time of his arrest, he was in the interior of the country, where he had lived, worked, and built a life over a period of approximately 20 years." *Am. Pet.* ¶ 22. Petitioner was released on bond which was eventually cancelled in 2012, and he applied for relief from removal proceedings which were administratively closed in 2009. *Am. Pet.* ¶¶ 17–21.

---

[3] Given the Court finds Petitioner entitled to relief on the basis that his due process rights have been violated while being subject to mandatory detention pursuant to an inapplicable provision, the Court need not evaluate alternative grounds for relief argued by Petitioner.

[4] *See, e.g. Simanca Gonzalez v. Aldridge,* CIV. A. No. 3:26-cv-0055, 2026 WL 313476, at *5 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, CIV. A. No. 3:26-0076, 2026 WL 401200, at *3 (S.D. W. Va. Feb. 12, 2026) ("The Supreme Court distinguishes the statutory scheme at issue stating that, 'U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§1225(b)(1) and (b)(2),' and that '[i]t also authorizes the Government to detain certain aliens *already in* the country pending the outcome of removal proceedings under §§1226(a) and (c).' *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added).").

Further, he has work authorization, and he is the beneficiary of his adult stepdaughter's "Petition for Alien Relative" for which an approval notice was received in 2018. *2026 Form I-213*, Gov't's Ex. B, ECF No. 20-2, at 3; *Pet. for Alien Relative Approval Notice*, Pet'r's Ex. E, ECF No. 30-5, at 1.

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Petitioner's significant interest of physical liberty, *Zadvydas,* 533 U.S. at 689, is subjected to unlawful restraint under the incorrect authority that prevents the opportunity for a custody determination. Any Government interest in holding individuals, like Petitioner, in detention without bond, which Petitioner argues is costly and does not appear to be community-safety motivated, does not overcome the first two considerations of the *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976), framework. *Am. Pet.* ¶¶ 83–89.

With reasoning consistent with the uniform position taken in this District and the majority of courts in the nation,[5] the Court finds Petitioner's detention is governed by 8 U.S.C. § 1226(a)

---

[5] The brevity of the present Order is a result of this Court's prior consideration and rejection of the same legal arguments presented by the Government here. *See Simanca Gonzalez v. Aldridge,* CIV. A. No. 3:26-0055, 2026 WL 313476; *Shailookul Uulu v. Aldridge*, CIV. A. No. 3:26-0076, 2026 WL 401200. Additionally, Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners. *Briceno Solano v. Mason*, CIV. A. No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.) ("In this case, the law is clear: the Government violated Petitioner's due process rights."); *Mehari v. Mason*, CIV. A. No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) ("Petitioner's detention is governed by § 1226(a) . . . 'there is no evidence that Petitioner was actively seeking admission into the United States,' as the record indicates that Petitioner entered the United States in 2023, works as a long-haul truck driver, and resides in the United States."); *Gutierrez Aroca v. Mason*, CIV. A. No. 2:26-cv-00057, 2026 WL

not 8 U.S.C. § 1225(b)(2) and Petitioner's due process rights have been violated. The appropriate relief is Petitioner's release, return of Petitioner's property, and a prohibition of Respondents' ability to re-arrest and detain Petitioner pending further other of this Court, as previously has been ordered. *See Order,* ECF No. 33.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 20, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

357872, at *17 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Having once detained and released Petitioners under § 1226(a), the Government cannot now retroactively recast them as arriving 'alien[s] seeking admission.'"); *Umarov v. Mason*, CIV. A. No. 2:27-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) ("[Section 1225(b)(2)] is not applicable to people like [Petitioner], who are arrested far from a border and have lived and formed connections through their lengthy residence in the United States."). Indeed, the majority of courts nationwide reject the Government's position. *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).